## IN THE MATTER OF W. N. GRANGER.

ATTORNEY-AT-LAW—MOTION TO STRIKE NAME FROM ROLL—COURT OF RECORD.—*Held*, that the statute authorizing the court to remove an attorney who has been convicted of a felony or misdemeanor, and that "the record of his conviction shall be conclusive evidence," contemplates a conviction in a court of record; that the docket of a justice of the peace is not conclusive.

MOTION to strike the name of W. N. Granger from the roll of attorneys of this court.

*M. A. Murphy*, Attorney-General, for the motion.

No briefs on file.

By the Court, BEATTY, C. J.:

This is a motion by the Attorney-general to strike from the roll of attorneys of this court the name of W. N. Granger.

The proceeding is instituted under the first subdivision of Section 897 of the Compiled Laws, which provides that this court may remove or suspend an attorney when he has been "convicted of a felony or misdemeanor involving moral turpitude; in either of which cases the record of his conviction shall be conclusive evidence."

Section 898 provides: "In case of the conviction of an attorney or counselor of a felony or misdemeanor, involving moral turpitude, the clerk of the court in which the conviction was had, shall, within thirty days thereafter, transmit to the supreme court a certified copy of the record of conviction."

Thereupon it is made the duty of this court (Sec. 899) to proceed against the party so convicted.

In all other cases of proceedings to disbar an attorney there must be a verified accusation in writing presented to the court, unless the facts are within its own knowledge, and service upon and appearance by the accused. (Sections 897, 899, *et seq.*) There is no such accusation in this case, and there are no facts within the knowledge of the court. We are called upon to act upon a certified copy of the docket of a justice of the peace showing that said Granger was convicted of and fined for a misdemeanor. But we are of the opinion that the statute contemplates a conviction in a court of record, a court having a clerk and seal, whose record imports verity when offered as evidence against the person convicted.

The docket of a justice of the peace is not conclusive. It would be primary evidence only to support a charge made by affidavit, but as the ground of a proceeding like this, it is unavailable.

For these reasons the motion is denied and the charge dismissed.